UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JOHN SPACCAFORNO

                                    Plaintiff,

                                                          Jury Trial Demand

            -against-
                                                          Complaint

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau;
GEORGE W. ANDERSON, Deputy Chief, Executive Officer,
Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief,
Employee Relations Section; CHARLES MICHAEL MARTINEZ,
Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY,
Sergeant, Counseling Services Unit; SUZANNE GIMBLET,
Detective, Counseling Services Unit; MICHAEL BAHRENBURG,
Police Officer, Counseling Services Unit; VIVIAN MURPHY,
Counseling Services Unit; SAM WILLIS, Counseling Services Unit,
each being sued individually and in their official capacities as
employees of the Police Department City of New York; LONG
ISLAND CENTER FOR RECOVERY INC. aka LICR and its agents;
and JACK HAMILTON, as President and Chief Executive Officer,
LICR, being sued individually and in his official capacity as an
employee of LICR.

                                    Defendants.

--------------------------------------------------------------------------X

The plaintiff JOHN SPACCAFORNO, by his attorneys, Jeffrey L. Goldberg, P.C., as and

for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES

MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL

BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR; and JACK HAMILTON,

respectfully set forth and allege that:

## INTRODUCTION

1

1.    This is an action for equitable relief and money damages on behalf of the plaintiff JOHN SPACCAFORNO, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his civil and constitutional rights as a result of the defendants' racketeering activities and disability discrimination.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

(d)    Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a

disability;

(e)    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(f)    the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(g)    the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.    The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.    Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of Suffolk and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

## DEFENDANTS

6.     Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.     Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.     Defendants' RAYMOND W. KELLY, Police Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; MICHAEL BAHRENBURG, Police Officer, Counseling Services Unit; VIVIAN MURPHY, Counseling Services Unit; and SAM WILLIS, Counseling Services Unit, each being sued individually and in their official capacities as employees of the NYPD.

9.     Defendant LONG ISLAND CENTER FOR RECOVERY and its agents (hereinafter referred to collectively as LICR) is formed in accordance with the laws of New York. LICR located in Suffolk County, New York, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

10.     Defendant JACK HAMILTON, President and Chief Executive Officer, being sued individually and in his official capacity as an employee of LICR.

4

## PROCEDURAL REQUIREMENTS

11.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.    Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13.    On or about April 19, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.    On or about August 28, 2006, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

15.    Plaintiff is a police officer who is currently employed by defendant CITY, more specifically the NYPD, and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

16.    Plaintiff alleges that on or about November 20, 2004, his father-in-law assaulted him at while visiting his residence.

17.    Plaintiff alleges that as a result of the assault, he received medical treatment at Stony Brook Hospital.

18.    Plaintiff alleges that while receiving medical treatment at the hospital, Duty Captain Dennis Morales, PSA 9, found him fit for duty.

19.    Plaintiff alleges that in the UF49 (interoffice Memorandum) submitted to the Chief of Internal Affairs, Captain Morales reported that "[t]he investigation reveals that [plaintiff] was the victim of an assault.... It is recommended that there be no change in duty

status at this time."

20.     Plaintiff alleges that on or about November 21, 2004, when he arrived at the 112th Precinct, he was notified that he was being placed on modified assignment and ordered to turn in his police shield and his identification card.

21.     Plaintiff alleges that on or about November 22, 2004, he was placed on modified assignment by the Queens County South Duty Captain.

22.     Plaintiff alleges that he was modified due to being served with an order of protection by his wife that was field on the same day his father in law assaulted him.

23.     Plaintiff alleges that on or about December 15, 2004, he was ordered to report to the Identification Section to obtain a new identification card.  Immediately thereafter, he was ordered to report to the Early Intervention and Psychological Services Unit.

24.     Plaintiff alleges that on or about January 18, 2005, he was ordered by defendants' DANIEL SWEENEY and JOHN MAZZELLA to report to the Counseling Services Unit.

25.     Plaintiff alleges that on or about January 19, 2005, he met with defendant SAM WILLIS at Counseling Services Unit.

26.     Plaintiff alleges that defendant SAM WILLIS questioned him about his alleged drinking habits.  During the interview, the defendant said "I am not writing anything down right now.  It will only make you nervous and make you worry about what I am writing."

27.     Plaintiff alleges that on or about January 20, 2005, he met again with defendant SAM WILLIS who said, "I am not going to bullshit you.  I have you charted to go to inpatient alcohol counseling."

28.     Plaintiff alleges that defendant SAM WILLIS gave him promotional literature for defendant LICR owned and managed by defendant JACK HAMILTON.

29. Plaintiff alleges that when he disagreed with defendant SAM WILLIS'S findings, the defendant gave him an ultimatum.

30. Plaintiff alleges that defendant SAM WILLIS said "You have two choices: Either volunteer [to go into inpatient alcohol counseling] or be suspended [from work without pay]."

31. Plaintiff alleges that shortly thereafter, he was escorted to defendant DANIEL SWEENEY'S who told him, "If [he] does not volunteer, [he] will be suspended.

32. Plaintiff alleges that defendant DANIEL SWEENEY also threatened to write in his file that he was not being uncooperative.

33. Plaintiff alleges that on or about January 21, 2005, he was again ordered to report to the Counseling Services Unit, once he arrived, he told defendant DANIEL SWEENEY that he was not going to voluntarily enter the inpatient alcohol treatment program of defendant LICR.

34. Plaintiff alleges that shortly thereafter, defendant DANIEL SWEENEY ordered him to report to the Medical Division to meet Duty Inspector Kevin Holloran. Deputy Inspector Holloran said "I don't know why they [Counseling Services Unit] sent you to me if they wanted to suspend you then the Sergeant [Sweeney] should have done it. I don't want to send you away [inpatient alcohol counseling], but if you don't go, you will be suspended."

35. Plaintiff alleges that he decided to be admitted into the inpatient alcohol treatment program of defendant LICR to avoid being suspended without pay and benefits.

36. Plaintiff alleges that shortly thereafter, he returned to the Counseling Services Unit where defendant MICHAEL BAHRENBURG filled out the initial intake form for admission to defendant LICR.

37. Plaintiff alleges that on or about January 21, 2005, he was admitted to the inpatient alcohol treatment program at defendant LICR. Immediately upon admission, he was

7

examined by a nurse and urine samples are taken from him.

38.     Plaintiff alleges that during his alleged treatment at defendant LICR, Counselor Mike Williams told him that he would be cleared after 21 days, and that he was a victim of circumstance.

39.     Plaintiff alleges that Counselor Williams also thought that he did not have a drinking problem.

40.     Plaintiff alleges that on or about February 18, 2005, he was released from defendant LICR.

41.     Plaintiff alleges that during his alleged aftercare program over the course of three months, it consisted of: attending Alcoholics Anonymous meetings five days a week, attending meetings with the Counseling Services Unit every Tuesday, and attending meetings with Dr. Dave Groden (hereinafter referred to as "Dr. Groden"), an independent alcohol therapist (a referral from the Counseling Services Unit) once a week.

42.     Plaintiff alleges that on or about May 23, 2005, he successfully completed all of the required Alcoholics Anonymous meetings.

43.     Plaintiff alleges that on or about May 24, 2005, at his last Counseling Services Unit evaluation, he met with defendants' DANIEL SWEENEY; and SUZANNE GIMBLET, as well as Dr. Groden.

44.     Plaintiff alleges that during the May 24, 2005, meeting, Dr. Groden said "This isn't going to sit well in your stomach, but I have concern for you that you are in serious denial and this isn't going to be the last time you are through this unit.  I am reluctant to sign off on you, but I will only because you have completed all you had to do."

45.     Plaintiff alleges that on or about June 21, 2006, he was required to attend

8

Counseling Services Unit group meetings conducted by defendants' DANIEL SWEENEY; SUZANNE GIMBLET and MICHAEL BAHRENBURG.

46.    Plaintiff alleges that on or about July 12, 2006, he was required to attend Counseling Services Unit group meetings conducted by defendants' DANIEL SWEENEY; SUZANNE GIMBLET and MICHAEL BAHRENBURG.

47.    Plaintiff alleges that on or about August 16, 2006, he was required to attend Counseling Services Unit group meetings conducted by defendants' DANIEL SWEENEY; SUZANNE GIMBLET and MICHAEL BAHRENBURG.

48.    Plaintiff alleges that he remained on modified duty until on or about May 5, 2006.

49.    Plaintiff alleges that he is still required to attend Counseling Services Unit group meetings.

50.    Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

51.    Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS has violated his civil rights as well as other similarly situated employees regarded as disabled employees due to

9

chronic alcohol dependency although there were no changes in their level of job performance.

52.     Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination. Defendants' CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

53.     Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel. Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them. Nor were the legal ramifications of the contract explained to them.

54.    Plaintiff alleges that from December 15, 2004, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

55.    Plaintiff alleges that from December 15, 2004, until this day, that he and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant LICR when defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission. Plaintiff further

alleges that defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendant LICR knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

56.    Plaintiff alleges that from December 15, 2004, until March 2005, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendant LICR.

57.    Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse

allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR without medical necessity. Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

58.     Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

59.     Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the

Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs. Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse. Plaintiff alleges that such referrals were solely for the financial benefit of defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON as well as other members of the Counseling Services Unit. Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain.

60.    Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

61.    Plaintiff alleges that from December 15, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHARL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension

and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

62.    Plaintiff alleges that on or about December 15, 2004, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis and Random Home Visits.   Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY and SAM WILLIS continue to utilize the services of defendant LICR who act in collusion to continue this violative pattern and practice of discrimination.

63.    Plaintiff alleges that on or around January 21, 2005, he was forced to join defendant LICR under the threat of suspension and/or termination by agents of the Counseling Services Unit.  Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty

64.    Based on the foregoing, plaintiff feels that his rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM

WILLIS; LICR; and JACK HAMILTON.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUT ORGANIZATIONS ACT

65. Plaintiff re-alleges paragraphs1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count I of this Complaint.

66. This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

67. As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON have conspired to violate 18 U.S.C. § 1962(c).

68. As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against his will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

69. Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

## COUNT II
## RACKEETEERING ACTIVITY
## IN VIIOLATION OF
## THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT

70.     Plaintiff re-alleges paragraphs 1 through 69 and incorporates them by reference as paragraphs 1 through 69 of Count II of this Complaint.

71.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

72.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

73.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against his will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

74.     Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

75.     Plaintiff re-alleges paragraphs 1 through 74 and incorporates them by reference as paragraphs 1 through 74 of Count III of this Complaint.

76.     This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

77.     As set forth in plaintiff's Count I and II and in this Complaint, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

78.     As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

79.     Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; MICHAEL BAHRENBURG; SAM WILLIS; LICR and JACK HAMILTON from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDICUARY DUTY

80.     Plaintiff re-alleges paragraphs 1 through 79 and incorporates them by reference as paragraphs 1 through 79 of Count IV of this Complaint.

81.     As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON.

82.    Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

83.    Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

84.    Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON'S breach.

85.    Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

86.    Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count V of this Complaint.

87.    Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL

BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR and JACK HAMILTON have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations. These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

**COUNT VI**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

88.     Plaintiff re-alleges paragraphs 1 through 87 and incorporates them by reference as paragraphs 1 through 87 of Count VI of this Complaint.

89.     At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

90.     Defendant CITY through its agents failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

91.     Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

**COUNT VII**
**RETALIATION**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

92.     Plaintiff re-alleges paragraphs 1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count VII of this Complaint.

93.    Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against his as a result of his opposition to disability discrimination and as a result of his expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

94.    That as a result of the illegal retaliatory acts of defendant CITY through its agents plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

95.    Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as paragraphs 1 through 94 of Count VIII of this Complaint.

96.    Plaintiff alleges that defendant CITY through its agents engaged in various severe and hostile actions towards his as a result of his opposition to disability discrimination and as a result of his expressing his first amendment right to criticize defendants for coercing his and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

97.    That as a result of the severe and hostile acts of defendant CITY through its agents plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

98.     Plaintiff re-alleges paragraphs 1 through 97 and incorporates them by reference as paragraphs 1 through 97 of Count IX of this Complaint.

99.     Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

100.     Defendants' acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

101.     Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

102. Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

103. Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about December 15, 2004, until this day.

104. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT X**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

105. Plaintiff re-alleges paragraphs 1 through 104 and incorporates them by reference as paragraphs 1 through 104 of Count X of this Complaint.

106. Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

107. Defendants' acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being

23

deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

108.    Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

109.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

110.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about December 15, 2004, until this day. .

111.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

112.    Plaintiff re-alleges paragraphs 1 through 111 and incorporates them by reference as paragraphs 1 through 111 of Count XI of this Complaint.

113.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

24

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

114.    Defendants' acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

115.    Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

116.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

117.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about December 15, 2004, until this day.

118.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XII
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

119.    Plaintiff re-alleges paragraphs 1 through 118 and incorporates them by reference as paragraphs 1 through 118 of Count XII of this Complaint.

120.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

121.    That by the improper and illegal confinement of plaintiff at defendant LICR under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS acting individually and acting in their capacities as public officials and/or independent contractor(s) of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional

rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

122. That by the improper and illegal confinement of plaintiff at defendant LICR acting in collusion with defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

123. That the purpose of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR; and JACK HAMILTON in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right

to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

124. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

125. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT XIII
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

126. Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as paragraphs 1 through 125 of Count XIII of this Complaint.

127. That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR; and JACK HAMILTON acting individually and in their official capacities as public officials and/or independent contractor(s) of defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

128. That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal

protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

129.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; SAM WILLIS; LICR; and JACK HAMILTON acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

130.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

### COUNT XIV
### FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

131.    Plaintiff re-alleges paragraphs 1 through 130 and incorporates them by reference as paragraphs 1 through 130 of Count XIV of this Complaint.

132.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

133.    Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN

29

MURPHY; and SAM WILLIS violated his right to freedom of expression.

134.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; VIVIAN MURPHY; and SAM WILLIS through the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

135.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

136.    Plaintiff re-alleges paragraphs 1 through 135 and incorporates them by reference as paragraphs 1 through 135 of Count XV of this Complaint.

137.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

## COUNT XVI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

138.    Plaintiff re-alleges paragraphs 1 through 137 and incorporates them by reference as paragraphs 1 through 137 of Count XVI of this Complaint.

139.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of

disability. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

## COUNT XVII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

140.    Plaintiff re-alleges paragraphs 1 through 139 and incorporates them by reference as paragraphs 1 through 139 of Count XVII of this Complaint.

141.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated.

## COUNT XVIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

142.    Plaintiff re-alleges paragraphs 1 through 141 and incorporates them by reference as paragraphs 1 through 141 of Count XVIII of this Complaint.

143.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

## COUNT XIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

144.    Plaintiff re-alleges paragraphs 1 through 143 and incorporates them by reference as paragraphs 1 through 143 of Count XIX of this Complaint.

145.    The New York City Administrative Code § 8-502, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

## COUNT XX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

146.    Plaintiff re-alleges paragraphs 1 through 145 and incorporates them by reference as paragraphs 1 through 145 of Count XX of this Complaint.

147.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated.

## <u>JURY TRIAL</u>

148.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated:        Lake Success, N.Y.
              November 14, 2006

Respectfully submitted,

By: _____
    Eric Sanders (ES0224)

Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S160
Lake Success, NY 11042
516-775-9400